## In re EDWARD MISCH CO.'S ESTATE.

### No. 22255.

District Court, E. D. Michigan, S. D. Feb. 21, 1939.

strained to give effect to the same in harmony with the decisions of the court of last resort of such State.

The Michigan Court holds that the statute is a penal statute and as such, does not affect the civil rights and obligations of the classes of persons mentioned therein.

The alleged right of petitioner involved in this controversy is solely a claimed civil right.

It therefore follows that the construction placed on this statute by the Michigan Court is too plain for further argument, and that an Order may be entered herein confirming the Referee's order.

Wilkinson, Lowther & O'Connell, of Detroit, Mich., for petitioner.

Fildew & DeGree, of Detroit, Mich., for Bernard O. Hallis et al.

Guiney & Guiney, of Detroit, Mich., for bankrupt.

O'BRIEN, District Judge.

Petitioner sought before the Referee in Bankruptcy to have certain moneys in the hands of the Trustee declared to be a trust fund for the benefit of petitioner. The Referee, in an Order dated September 26, 1938, denied such contention but provided that petitioner's proof of claim be considered a general claim. The matter is before this Court on review.

The facts are not in dispute, and their appearance in full in the Referee's certificate, obviates any necessity for repetition herein.

Petitioner's contention that Act 259 of Michigan Public Acts of 1931 affords it the right to claim money in the custody of the Trustee, under the facts in this case presents solely a question of law. It appears to this Court that the construction placed upon the statute in question by the Michigan Supreme Court in the case of Club Holding Company v. Flint Citizens' Loan & Investment Company reported in 272 Mich. 66, 261 N.W. 133 is conclusive upon the question. In passing upon a State statute, this Court is con-